UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

EARL OSBORN,
          Plaintiff,

v.                           CASE NO. 3:14-cv-1386(VAB)

WILLIAMS, et al.,
          Defendants.

**INITIAL REVIEW ORDER**

The plaintiff, Earl Osborn, currently incarcerated at MacDougall Correctional Institution ("MacDougall"), initiated this action by filing a civil rights Complaint *pro se.* He names Correctional Officers Williams, Stander, Burggos, BeeBee, and Doe, Social Workers Castro and Jane Doe 1, and Captain Jane Doe 2 as defendants.

Under 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss . . . any portion of [a] complaint" that "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or that "seeks monetary relief from a defendant who is immune from such relief." *Id.* After its initial review of the Complaint, the Court has determined the following:

    (1)    the claims in the Complaint against defendant John Doe are dismissed without prejudice; and

    (2)    the claims against defendants Stander, Burggos, Castro, BeeBee, Jane Doe 1, and Jane Doe 2, in their individual capacities and, to the extent that plaintiff seeks declaratory or injunctive relief, in their officials capacities as well, shall proceed.

### *Standard of Review*

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).

A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,' " does not meet the facial plausibility standard.  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).  Although courts still have an obligation to liberally construe a *pro se* complaint, the complaint must include sufficient factual allegations to meet the standard of facial plausibility.  *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).

### *Plaintiff's Allegations*

The plaintiff alleges that, in October 2013, he was incarcerated at MacDougall and confined to a cell with Inmate John Hightower.  He further alleges that he complained to Social Workers Jane Doe 1 and Castro, Captain Jane Doe 2, Correctional Officers Stander, BeeBee, and Burggos that his cellmate threatened to assault him and that he did not feel safe.  According to the plaintiff, none of these individuals took any steps to protect

2

him from harm.  Then, on October 13, 2013, he claims that his cellmate repeatedly punched him in the head and attempted to sexually assault him.  During this alleged assault, Correctional Officer Williams walked by the plaintiff's cell, but refused to intervene to protect the plaintiff from harm, and the plaintiff suffered a broken foot.

After this incident, officers moved the plaintiff to another cell but allegedly did not permit the plaintiff to pack his personal property.  The plaintiff further claims that Officer John Doe failed to pack all of his property and multiple items of his property were lost.  The plaintiff seeks declaratory relief from the defendants in their official capacities and monetary damages from the defendants in their individual capacities.

### Loss of Property Claim

The Supreme Court has found that the Due Process Clause of the Fourteenth Amendment is not violated when a prison inmate loses personal belongings due to the negligent or intentional actions of correctional officers if the state provides an adequate post-deprivation compensatory remedy.  *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 543 (1981).  The State of Connecticut provides an adequate remedy for the kind of deprivation the plaintiff alleges.  *See* State of Connecticut Department of Correction Administrative Directive 9.6(16) (Aug. 15, 2013) (providing Department of Correction's Lost Property Board shall hear and determine any claim by an inmate who seeks compensation not to exceed $3,500.00 for lost or damaged personal property and that inmate may present the property claim to the Claims Commissioner after the Board denies the claim in whole or in part); Conn. Gen. Stat. § 4-141 *et seq.* (providing that claims for payment or refund of money by the state may be presented to the

3

Connecticut Claims Commission); *S. v. Webb*, 602 F. Supp. 2d 374, 386 (D. Conn. 2009) (finding Connecticut has sufficient post-deprivation remedies for seizures of property by state officials).  The procedures by which the Department of Correction's Lost Property Board or the Connecticut Claims Commissioner shall hear and determine claims against the state are not rendered inadequate simply because plaintiff anticipates a more favorable remedy under the federal system or it may take a longer time under the state system before his case is resolved.  *See Hudson*, 468 U.S. at 535.

The plaintiff generally alleges that he exhausted the available remedies set forth in the State of Connecticut Department of Correction Administrative Directives.  He does not assert, however, that he attempted to take advantage of the remedy offered by State of Connecticut Office of the Claims Commissioner by submitting a Property Claim to the attention of the Connecticut Claims Commissioner.  Nor does he contend that this procedure was inadequate.  Accordingly, the Fourteenth Amendment property claim against defendant John Doe is dismissed without prejudice for failure to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915A(b)(1).

### *Eighth Amendment Claim*

The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates in their custody."  *Hayes v. New York City Dep't of Corrections*, 84 F.3d 614, 620 (2d Cir. 1996) (citing *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994)).  Thus, "[a] prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment" and gives rise to a failure to protect claim.  *Farmer*, 511 U.S. at 828 (internal quotation marks and citations omitted).

4

The Court concludes that the allegations in the Complaint state plausible claims of failure to protect the plaintiff from harm and deliberate indifference to the plaintiff's safety. Of course, without substantially more, these allegations do not provide a basis for a ruling that the plaintiff's constitutional rights were violated. The Court is only holding that the plaintiff has stated plausible claims, which must now be proven by a preponderance of the evidence. This Eighth Amendment claim will proceed against defendants Stander, Burggos, Castro, BeeBee, Jane Doe 1, and Jane Doe 2.

### ORDERS

The Court enters the following orders:

(1)     All Fourteenth Amendment claims against defendant John Doe are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1). Thus, all claims against John Doe have been dismissed and the Clerk shall terminate defendant John Doe as a defendant.

The Eighth Amendment claims of failure to protect and deliberate indifference to safety will proceed against defendants Stander, Burggos, Castro, BeeBee, Jane Doe 1, and Jane Doe 2 in their individual and official capacities.

(2)     Within twenty-one (21) days of this Order, the U.S. Marshals Service shall serve the summons, a copy of the Complaint and this Order on defendants Stander, Burggos, Castro, and BeeBee in their official capacities by delivering the necessary documents in person to the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141.

(3)     Within twenty-one (21) business days of this Order, the Clerk shall ascertain from the Department of Correction Office of Legal Affairs the current work addresses for

each of the following defendants: Correctional Officers Williams, Stander, Burggos, and BeeBee and Social Worker Castro in his or her individual capacity and mail waiver of service of process request packets to each defendant in his or her individual capacity at his or her current work address.  On the thirty-fifth (35th) day after mailing, the Clerk shall report to the Court on the status of all waiver requests.  If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(4)     The Pro Se Prisoner Litigation Office shall send a courtesy copy of the Complaint and this Order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit.

(5)     Defendants shall file their response to the Complaint, either an answer or motion to dismiss, within sixty (60) days from the date the Notice of Lawsuit and Waiver of Service of Summons forms are mailed to the defendants.  If the defendant chooses to file an answer, he or she shall admit or deny the allegations and respond to the cognizable claims recited above.  He or she may also include any and all additional defenses permitted by the Federal Rules.

(6)     Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within seven months (210 days) from the date of this order. Discovery requests need not be filed with the Court.

(7)     All motions for summary judgment shall be filed within eight months (240 days) from the date of this order.

(8)     The Court notifies the plaintiff that it is unable to serve the Complaint on Social Worker Jane Doe 1 or Captain Jane Doe 2 because he has not identified these defendants by their last names.  Accordingly, the Court will permit the plaintiff 120 days from the date of this order to conduct discovery and file a notice identifying the Jane Doe defendants by their first and last names.  If the plaintiff fails to file a notice within the time specified, the claims against the Doe defendants will be dismissed without further notice from the Court pursuant to Rule 4(m), Fed. R. Civ. P. and the case will proceed only as to defendants Williams, Stander, Burggos, and BeeBee.

**SO ORDERED** this 10th day of February, 2015, at Bridgeport, Connecticut.


 /s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE